# FILED

## UNDER

# SEAL

CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar Number: 14853
SIMON KUNG
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
702-388-6502

UNITED STATES DISTRICT COURT

District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | Case No. 2:20-cr-00269-RFB-DJA-1 |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | PETITION FOR ACTION |
| ) | | ON CONDITIONS OF |
| LEVI KOCMICK ) | | PRETRIAL RELEASE |
| Defendant ) | | |

Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by Alicia Shiveley, U. S. Pretrial Services Officer. I have reviewed that Petition, and I concur in the recommended action requested of the court.

Dated this 30th day of June, 2021.

CHRISTOPHER CHIOU
United States Attorney

By _____/S/_____.
SIMON KUNG
Assistant U.S. Attorney

PS 8
(Revised 12/04)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEVADA

U.S.A. vs. LEVI KOCMICK                                      Docket No.: 2:20-cr-00269-RFB-DJA-1

Petition for Action on Conditions of Pretrial Release

    COMES NOW Alicia Shiveley, U.S. PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Levi Kocmick. The defendant initially appeared on January 25, 2021, before Judge Brenda Weksler and was ordered released on a personal recognizance bond with the following conditions of release:

1. T The defendant shall report to U.S. Pretrial Services for supervision.
2. The defendant shall use his/her true name only and shall not use any false identifiers.
3. The defendant shall not obtain a passport or passport card.
4. The defendant shall abide by the following restrictions on personal association, place of abode, or travel: Travel is restricted to Clark County, NV.
5. The defendant shall maintain residence at address specified in Pretrial Services Report and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.
6. The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
7. The defendant shall avoid all contact directly or indirectly with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: "IB" and "EM" as stated in Indictment
8. The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. This includes Marijuana and/or any item containing THC.
9. The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
10. The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.
11. The defendant shall not be in the presence of anyone using or possessing a narcotic drug or other controlled substances.
12. Report via telephone any instance of COVID-19 symptoms, exposure, and/or quarantine immediately to the supervising officer.
13. Comply with the directives of medical, public health, and government officials with respect to a quarantine and/or stay-at-home order.

Mr. Kocmick appeared before Judge Brenda Weksler on April 23, 2021 for a revocation hearing. He was ordered released on conditions previously imposed with the additional condition that he reside at the halfway house. Mr. Kocmick did not report to the halfway house.

On June 17, 2021, Mr. Kocmick appeared before Your Honor for a revocation hearing. At that hearing, the defendant was ordered released to the Las Vegas Rescue Mission for residential drug treatment, and his mother was appointed as his third-party custodian. The Court instructed the defendant to report to Pretrial Services to sign a release of information authorization and enroll in GPS monitoring on the date of his release but noted he may do so no later than the following week if unable at the time of release.

**Respectfully presenting petition for action of Court and for cause as follows:**

1. Mr. Kocmick absconded from inpatient treatment at the Las Vegas Rescue Mission.
2. Mr. Kocmick failed to report to Pretrial Services for enrollment in location monitoring as instructed by the Court.
3. Mr. Kocmick failed to sign a release of information authorization form as instructed by the Court.

**PRAYING THAT THE COURT WILL ORDER THAT A WARRANT FOR THE DEFENDANT'S ARREST BE ISSUED BASED UPON THE ALLEGATIONS OUTLINED ABOVE. FURTHER, THAT A HEARING BE SET TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.**

| ORDER OF COURT | |
|---|---|
| Considered and ordered this 30th day of June, 2021 and ordered filed and made a part of the records in the above case. | I declare under penalty of perjury that the information herein is true and correct. Executed on this 30th day of June, 2021. |
| | Respectfully Submitted, |
| _____ | _Alicia Shiveley_____ |
| Honorable Richard F. Boulware II | Alicia Shiveley, SPB |
| U.S. District Judge | U.S. Pretrial Service Officer |
| | Place: Las Vegas, Nevada |